IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Keydi Yosselin Osorio Henriquez, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Debra Rogers, *Potomac Service Center Director, U.S. Citizenship and Immigration Services, et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:25-cv-00930-AJT-LRV |

**ORDER**

In this action, Plaintiffs Josue Sandoval Barajas and Keydi Yosselin Osorio Henriquez seek to compel the adjudication of Plaintiff Osorio Henriquez's Form I-130 pursuant to the Administrative Procedure Act and Mandamus Act. *See* [Doc. No. 1]. Before the Court is Defendants' Motion to Dismiss for Lack of Venue, or in the Alternative, Motion to Transfer Case to the United States District Court for the Eastern District of North Carolina, [Doc. No. 7] (the "Motion"). In support of the Motion, Defendants argue that although the pending Form I-130 was pending at the Potomac Service Center, which is within this judicial district, for five days in January 2023, it has been pending at USCIS's Raleigh/Durham Field Office, which is near Plaintiffs primary residence, since January 31, 2023. *See* [Doc. No. 9] at 1-2, 5. In Plaintiffs' Opposition, they argue that they were never informed that their Form I-130 was transferred to USCIS's Raleigh/Durham Field Office and were merely acting on the information they had available to them at the time they filed their Complaint. *See* [Doc. No. 11] at 4. Instead, Plaintiffs appear to consent to a transfer of the action to the United States District Court for the Eastern District of North Carolina. *See id.*

28 U.S.C. § 1406(a) permits "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In light of the Parties' apparent agreement that venue is improper in this district, but lies elsewhere, "[d]ismissal for improper venue where venue would properly lie elsewhere 'would serve no real purpose other than to add the additional expense of re-filing the case;'"[1] and the Court therefore finds that it is in the interest of justice that this action be transferred to the United States District Court for the Eastern District of North Carolina. Accordingly, it is hereby

**ORDERED** that the Motion be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that this action be, and the same hereby is, **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina, and it is otherwise **DENIED**.

The Clerk is directed to forward copies of this Order to all counsel of record.

Alexandria, Virginia
September 15, 2025

Anthony J. Trenga
Senior U.S. District Judge

[1] *Garrett v. Gulf Stream Coach, Inc.*, No. 3:08cv792, 2009 WL 936297, at *5 (citing *Simpson v. Snyder's of Hanover, Inc.*, No. 1:05CV354, 2006 WL 1642227, at *7 (W.D.N.C. June 12, 2006)).